IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RONALD DAVID JONES,**

    **Plaintiff,**

vs.                                           Case No. 4:15cv105-RH/CAS

**ERIC HINSON, et al.,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, recently filed eighteen cases in this Court.[1] In this case, filed on February 24, 2015, Plaintiff filed a civil rights complaint, doc. 1, and a motion requesting leave to proceed in forma pauperis, doc. 2.

Plaintiff's in forma pauperis motion demonstrates he lives on "family owned" property, is currently unemployed, and is provided money to pay the utility bill. Doc. 2. Plaintiff did not fill out the financial affidavit completely because he did not provide any information about his most recent employer. Nevertheless, good cause has been shown and Plaintiff's in forma pauperis motion, doc. 2, is **Granted**. The Clerk of Court shall file the complaint without requiring payment of the filing fee.

---

[1] The case numbers are: 4:15cv61; 4:15cv76; 4:15cv80; 4:15cv81; 4:15cv82; 4:15cv83; 4:15cv84; 4:15cv85; 4:15cv86; 4:15cv87; 4:15cv88; 4:15cv89; 4:15cv90; 4:15cv104; 4:15cv105, 4:15cv116, 4:15cv117, and 4:15cv119. In addition to those cases, Plaintiff also initiated case number 4:14cv332 in July of 2014.

Plaintiff's complaint, doc. 1, has been reviewed and it is insufficient as filed. The complaint is not on court forms as is required by the local rules of this Court. N.D. Fla. Loc. R. 5.1(H). In addition, Plaintiff did not file a notice of the pendency of other or prior similar actions as required by N.D. Fla. Loc. R. 5.1(G). That rule states: "Whenever the newly filed case involves issues of fact or law common with such issues in another case currently pending in this district, or if the case was previously terminated by any means and has now been refiled without substantial change in issues or parties, the party filing the case shall file a 'Notice of Pendency of Other or Prior Similar Actions' containing a list and description thereof." *Id.* As explained below, this case involves issues of fact which are in common with case number 4:15cv86-RH/CAS, and other cases filed nearly simultaneously with that case challenging Plaintiff's termination from the Gadsden County School Board. A notice should have been filed. However, there is no reason to require Plaintiff to submit an amended complaint to correct those deficiencies because the factual allegations sufficiently demonstrate Plaintiff cannot present a viable claim for relief.

The complaint alleges that in 2007, he was hired as a substitute teacher by the Gadsden County School Board. Doc. 1 at 2. Plaintiff advises that he "acquired a Florida Department of Education Official Statement of Status Eligibility"[2] for grades five through nine on August 1, 2007. While working as a substitute teacher, another teacher resigned and Plaintiff was appointed to fill that position, a fourth grade instructional position, on an emergency basis on February 26, 2008. *Id.* Plaintiff alleges that at the

---

[2] It appears that a Statement of Status Eligibility is neither a temporary certificate or a professional certificate to teach in Florida. *Jones v. Gadsden Cnty. Sch. Bd.*, Case No. 10-8570 (Fla. DOAH Jan. 19, 2011).

Case No. 4:15cv105-RH/CAS

end of the 2007/2008 school year, he was appointed to a fifth grade instructional position within his status eligibility for the 2008/2009 school year.  *Id.* at 2.

On August 4, 2008, a week before the new school year was to start, Plaintiff received a letter terminating his employment.  Doc. 1 at 2.  Plaintiff contends he was "wrongfully fired" from a fifth grade teaching position because the letter notified him he was fired "for teaching outside the range" of his eligibility from the Department of Education.  *Id.*  Plaintiff advises that he filed a complaint alleging discrimination based on gender because he was replaced by a female teacher.  *Id.*  Plaintiff claims that at the hearing before the Florida Division of Administrative Hearings, Dr. Sonja Bridges, the Assistant Superintendent of Schools was asked why the termination letter was sent at "the last minute." *Id.* at 2.  Bridges allegedly committed perjury in the hearing by stating the letter was sent on July 10, 2008.[3]  *Id.*  Plaintiff claims that during the lunch break, Bridges and Deborah Minnis, an attorney, and Opan McKinney-Williams, another attorney went to the Gadsden County School Board office "and manufactured a letter dated July 10, 2008[,] and submitted [that] falsified evidences [sic] changing the date of the termination letter . . . ."  *Id.*  Plaintiff also claims that Bridges, Minnis, and McKinney-Williams falsely reported Plaintiff "was teaching fourth grade out of field and replaced Anthony Duane Clum[,] a man."  *Id.* at 3.  Plaintiff claims that evidence was false because he was teaching fifth grade within his eligibility and was replaced by a woman.  *Id.*  Plaintiff has attempted to present claims for wrongful termination, a violation of his First and Fourteenth Amendment rights, and a violation of Florida's Civil Rights Act.  *Id.*

---

[3] Plaintiff alleges the letter was dated July 29, 2008, postmarked July 31, 2008, and actually received on August 4, 2008.  Doc. 1 at 2.

Plaintiff presents the same factual allegations in this case as he submitted in case number 4:15cv86. The claims are insufficient to demonstrate that any named Defendant violated Plaintiff's rights because Plaintiff has named five persons as Defendants in this case, all of whom are apparently members of the Gadsden County School Board, but he provides no factual allegations demonstrating what these persons did or did not do.

Moreover, Plaintiff's claims concern events which transpired in 2008. A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188 (citing Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir. 1988)). Plaintiff's claims are barred by the statute of limitations and this case must be dismissed.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for leave to proceed in forma pauperis, doc. 2, is **GRANTED**.

2. The Clerk of Court shall file the complaint without requiring payment of the filing fee for this case.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be

granted and all motions which may be pending in this case be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 2, 2015.



 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**